UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT


GARY NEAL SADLER,                    :
        Plaintiff,                   :
                                     :              PRISONER
    v.                               : Case No. 3:12-cv-827(AWT)
                                     :
DANIEL SCHAEFER, et al.,             :
        Defendants.                  :


INITIAL REVIEW ORDER

    The plaintiff, who is currently incarcerated at the Osborn
Correctional Center in Somers, Connecticut, has filed a complaint
*pro se* pursuant to 42 U.S.C. § 1983.  The plaintiff asserts
claims of retaliation against defendants Assistant Attorney
General Daniel Schaefer, Warden Peter Murphy, Dr. Timothy Silvis,
Nurse Barbara LaFrance, Health Services Administrator Rikel
Lightner, Nurse Jane Doe, Canine Handler Officer Rivera,
Correctional Counselor Diana Hester, Captain Kevin Manley, Canine
Jake and Dr. Fedus.

    Under 28 U.S.C. § 1915A, the court must review prisoner
civil complaints and dismiss any portion of the complaint that is
frivolous or malicious, that fails to state a claim upon which
relief may be granted, or that seeks monetary relief from a
defendant who is immune from such relief.

    In reviewing a *pro se* complaint, the court must assume the
truth of the allegations, and interpret them liberally to "raise

the strongest arguments [they] suggest[]." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).  Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009).  The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  But "'[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Boykin v. KeyCorp*, 521 F.3d 202, 214 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

I.   Factual Allegations

    Assistant Attorney General ("AAG") Schaefer represents the defendants in another federal civil rights action filed in this district.  As part of his representation of the defendants, AAG Schaefer has contacted and obtained affidavits from correctional officers and medical staff members who were not named as defendants in the prior case.  This contact informed staff about the pending lawsuit, which included, *inter alia*, claims of deliberate indifference to the plaintiff's epigastric complaints

and interference with his ability to send correspondence.  As a
result of the information, the plaintiff contends that the
defendants retaliated against him and harassed him.

The plaintiff continued to seek medical treatment for
epigastric complaints.  In June 2009, defendant LaFrance ordered
a blood test to ascertain the cause of the plaintiff's epigastric
complaints.  The blood test was positive for a certain bacteria.
Defendant LaFrance, however, told the plaintiff that the tests
were normal and noted in his medical file that the plaintiff
indicated he no longer experienced the symptoms.  The plaintiff
was told the results in December 2009, when AAG Schaefer asked
that the plaintiff's medical records be reviewed with him.
Unfortunately, he learned of the positive results after the
discovery period ended in the other case and was unable to serve
additional discovery requests regarding epigastric care.

In January 2010, the plaintiff filed a grievance regarding
the delay in reporting the blood test results.  Defendant
Lightner denied the grievance indicating that the test results
were reported to the plaintiff, the plaintiff could have reviewed
his medical records at any time and obtained the results and the
plaintiff had refused treatment for bacterial infection.  The
plaintiff disputes these conclusions.

On August 23, 2011, the plaintiff again sought treatment for
symptoms he thought were side effects of the gastrointestinal

medication.  Instead of conducting a physical examination,
defendant Doe assessed him as paranoid and referred the plaintiff
for a mental health examination.  Defendant Lightner took no
action in response to the plaintiff's grievance on this matter.

During the pendency of the other case, the plaintiff
continued to experience interference with incoming and outgoing
mail and hostile treatment by correctional staff.  This treatment
coincided with correctional staff providing affidavits in the
other action.

On January 19, 2011, while the plaintiff was walking to
lunch with many other inmates, he was attacked by canine Jake for
no apparent reason.  Defendant Rivera, Jake's handler, responded
immediately and told the plaintiff that it was an accident.
Defendant Murphy denied the plaintiff's grievance on the ground
that the attack was an accident.

On March 11, 2011, the plaintiff wrote to a prominent civil
rights attorney regarding his concerns for his safety following
the canine attack.  The plaintiff used a stamped envelope
purchased in the commissary to send the letter.  The letter was
returned as general correspondence from the mailroom with a
notation that the plaintiff should not have used a postage-free
envelope.  Defendant Murphy denied the plaintiff's grievance
regarding this incident as an accident.  Although the plaintiff
attempted to appeal the denial, the grievance appeal never was

4

received.

The plaintiff continued to experience delays with his correspondence.  Defendant Hester failed to mail a motion for extension of time to the court in a timely manner, causing the plaintiff's claims in the other federal case against defendant Murphy regarding correspondence to be dismissed.  When the plaintiff complained to defendant Hester about the result of the ten-day delay in mailing his motion, she accused him of threatening her.  As a result of the accusation, the plaintiff was sent to restrictive housing.  Defendant Manley completed an incident report stating that the plaintiff had admitted threatening defendant Hester.

Defendant Schaefer also requested that the Department of Correction videotape the plaintiff's actions, particularly while he was playing basketball.  On May 29, 2012, the plaintiff saw the podiatrist, defendant Fedus, for calluses on his feet.  While removing the calluses, defendant Fedus questioned the plaintiff about his ability to play basketball, then cut too deep and removed a layer of flesh from the plaintiff's foot.  Defendant Fedus characterized his action as an accident.

II.  <u>Analysis</u>

    A.  <u>Assistant Attorney General Schaefer</u>

The plaintiff includes as a defendant AAG Daniel Schaefer, the attorney representing the defendants in another case filed by

the plaintiff in federal court.  The plaintiff argues that by obtaining affidavits from correctional staff who were not named as defendants in the other case, AAG Schaefer caused the plaintiff to be subjected to retaliatory conduct by correctional staff.

"Absolute immunity gives 'public officials entrusted with sensitive tasks a protected area of discretion within which to carry out their responsibilities.'" *Mangiafico v. Blumenthal*, 471 F.3d 391, 394 (2d Cir. 2006) (internal citation omitted). The Second Circuit has extended this immunity, long afforded to prosecutors, to assistant attorneys general for their conduct in defending lawsuits brought against the state and state employees. *Barrett v. U.S.*, 798 F.2d 565, 572 (2d Cir. 1986). *See also Wang v. Logue*, 351 Fed. Appx. 510 (2d Cir. 2009) (affirming dismissal on absolute immunity grounds of claim against assistant attorney general for statements made in court during her representation of state defendants); *Jacobs v. Stornelli*, 115 Fed. Appx. 480, 481 (2d Cir. 2004) (affirming dismissal of claims against two assistant attorneys general who represented state officials in prisoner's civil state action on ground of absolute immunity).

The plaintiff's allegations concern actions taken by AAG Schaefer in the course of litigating the other case.  These actions are covered by absolute immunity. *See Safeguard Mut. Ins. Co. v. Miller*, 456 F. Supp. 682, 693 (E.D. Pa. 1978)

6

(absolute immunity of assistant attorney general applied to filing documents and engaging in pretrial discovery process). Thus, all claims against AAG Schaefer are dismissed pursuant to 28 U.S.C. § 1915A.

    B.   <u>Canine Jake</u>

    The plaintiff also included a dog as a defendant.  Animals are not persons within the meaning of 42 U.S.C. § 1983.  *See Fitzgerald v. McKenna*, No. 95 Civ. 9075(DAB)(HBP), 1996 WL 715531, at *7 (S.D.N.Y. Dec. 11, 1996) (court, on own motion, denied leave to amend to assert section 1983 claim against dog because "animals lack capacity to be sued).  Accordingly, all claims against Canine Jake are dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

    C.   <u>Officer Rivera</u>

    The only allegation against defendant Rivera is that he stopped the attack by the dog and characterized the incident as an accident.  The plaintiff was among a group of inmates.  He alleges no facts suggesting that defendant Rivera was responsible for the attack or directed the dog to target the plaintiff specifically.  Accordingly, any retaliation claim against defendant Rivera lacks a plausible basis and is dismissed.

    The remaining retaliation claims will proceed at this time.

**ORDERS**

    In accordance with the foregoing, the court enters the

7

following orders:

(1)   The claims against defendants Schaefer, Canine Jake and Rivera are is **DISMISSED** pursuant to 28 U.S.C. § 1915A.

(2)   **The Pro Se Prisoner Litigation Office shall** verify the current work addresses of defendants Murphy, Silvis, LaFrance, Lightner, Hester, Manley and Fedus with the Department of Correction Office of Legal Affairs and mail waiver of service of process request packets to each defendant at the confirmed addresses within **fourteen (14) days** of this order.  The Pro Se Prisoner Litigation Office shall report to the court on the status of those waiver requests on the thirty-fifth (35) day after mailing.  If any defendant fails to return the waiver request, the Pro Se Prisoner Litigation Office shall make arrangements for in-person service by the U.S. Marshals Service on the defendant in his or her individual capacity and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(3)   **The Pro Se Prisoner Litigation Office shall** prepare a summons form and send an official capacity service packet to the U.S. Marshal Service.  The U.S. Marshal is directed to effect service of the complaint on defendants Murphy, Silvis, LaFrance, Lightner, Hester, Manley and Fedus in their official capacities at the Office of the Attorney General, 55 Elm Street, Hartford, CT  06141, within **fourteen (14) days** from the date of this order

and to file returns of service within twenty (20) days from the date of this order.

(4) **The Pro Se Prisoner Litigation Office shall** send written notice to the plaintiff of the status of this action, along with a copy of this order.

(5) **The Pro Se Prisoner Litigation Office shall** send a courtesy copy of the Complaint and this order to the Connecticut Attorney General and the Department of Correction Office of Legal Affairs.

(6) **Defendants Murphy, Silvis, LaFrance, Lightner, Hester, Manley and Fedus shall** file their response to the complaint, either an answer or motion to dismiss, within **seventy (70) days** from the date of this order. If they choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claims recited above. They also may include any and all additional defenses permitted by the Federal Rules.

(7) Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within **seven months (210 days)** from the date of this order. Discovery requests need not be filed with the court.

(8) All motions for summary judgment shall be filed within **eight months (240 days)** from the date of this order.

(9) Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days

9

of the date the motion was filed.  If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(10) The court cannot effect service on defendant Jane Doe without her full name and current work address.  The plaintiff is directed to file an amended complaint identifying defendant Doe. The amended complaint shall omit the claims dismissed by this order and include no new claims.  The plaintiff shall file the amended complaint within **twenty (20)** days from the date of this Order.  Failure to timely file the amended complaint will result in the dismissal of all clams against defendant Jane Doe.

Entered this 19th day of December 2012, at Hartford, Connecticut.

_____/s/AWT_____
Alvin W. Thompson
United States District Judge
